UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                   Case No. 25-mc-50217
                                           Honorable Linda V. Parker

v.

EDUARDO ABELLANA,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S REQUESTS FOR HEARING ON REQUEST FOR WRIT OF GARNISHMENT AND TO TRANSFER ACTION

On May 22, 2024, a jury found Defendant Eduardo Abellana guilty of one count of conspiracy to commit health care fraud and one count of conspiracy to defraud the United States and receive kickbacks. *See* Verdict Form, *United States v. Abellana*, Case No. 20-cr-20144 (E.D. Mich. May 22, 2024), ECF No. 116. On December 10, 2024, this Court sentenced Defendant to one-day time served and three years of supervised release. *See* J., *id.* (E.D. Mich. Dec. 17, 2024), ECF No. 155. The Court further ordered Defendant to pay $2,267,232.80 in restitution and a $200.00 assessment. *Id.*

On February 27, 2025, the United States filed an application for writ of continuing garnishment. (ECF No. 1.) Requests for garnishment have been served on Ally Bank and the New York Life Insurance Company ("New York Life") for

1

monies owed or owed in the future to Defendant. (*Id.*; ECF No. 9.) Defendant filed requests for a hearing on the garnishments and to transfer the action to a Nevada court, as he now lives in Las Vegas, Nevada. (ECF Nos. 6, 7.) The United States filed a response. (ECF No. 12.) Because Defendant raises no valid objections to the garnishments, his request for a hearing and any objection to the garnishments are denied. For the same reason, there is no reason to transfer this matter to another jurisdiction.

## Applicable Law & Analysis

The Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A-3664, requires sentencing courts to order criminal defendants to pay restitution to their victims. The MVRA permits the United States to enforce a restitution order "by all other available and reasonable means," *id.* § 3664(m)(1)(A), including "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law," *id.* § 3613(a). 28 U.S.C. § 3205(a) provides the United States with authority to enforce restitution orders through garnishments. The United States may garnish all property except that which is specifically exempt from a levy. *See* 18 U.S.C. § 3613; 26 U.S.C. § 6334; *United States v. Nash*, 175 F.3d 440, 443 (6th Cir. 1999) ("The provisions of 18 U.S.C. § 3613(a) state that the United States may enforce a judgment imposing a fine,

restitution, or assessment against the property of the person fined, with the exception of those exemptions found in 26 U.S.C. § 6334.").

A judgment debtor can object to a garnishment proceeding pursuant to 28 U.S.C. § 3202(d). Within twenty days of receiving the notice described in section 3202(b), the judgment debtor may request a hearing to quash the garnishment. However, the garnishment hearing is limited to (1) valid claim exemptions, (2) post-judgment statutory compliance for issuing the garnishment, and (3) challenges to judgments entered by default. *Id.*

While the statutory language requires the court to "hold a hearing . . . as soon as practicable," courts have denied requests for hearings "where the debtor did not object based on one of the issues specified in 28 U.S.C. § 3202(d), where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation." *United States v. Miller*, 588 F. Supp. 2d 789, 797 (W.D. Mich. 2008) (collecting cases and denying a hearing where the defendant failed to identify any valid objections to the writ of garnishment). If the objecting party does not raise a statutorily permissible issue in the request for a garnishment hearing, the request should be denied. *See United States v. Mahar*, 42 F.3d 1389 (6th Cir. 1994) (finding that the debtor's claim of financial hardship was not a permissible subject for a § 3202(d) hearing); *United States v. Lawrence*, 538 F. Supp. 3d 1188, 1194 (D.S.D. 2008) ("If Congress wanted to allow for the equities

3

present in each case to be delved into at a § 3202(d) hearing, then it most assuredly would have said so and expanded the scope of the statute accordingly.")  Under § 3205, the objecting party bears the burden of proving the grounds for his or her objection.  28 U.S.C. § 3205(c)(5).

Defendant fails to articulate any statutory basis for relief from the garnishments and restitution order.  In his first request for a hearing, he simply lists "financial reason."  (ECF No. 6.)  His second request includes an exemption form on which he checked three categories of exemptions he believes prevents the garnishments: (1) "Wearing apparel and schoolbooks"; (2) "Fuel, provisions, furniture, and personal effects"; and (3) "Minimum exemption for wages, salary, and other income."  (ECF No. 7 at PageID. 41-42.)  The first two categories are not the subject of the garnishment directed at Ally Bank or New York Life.[1]  The third is not property exempt under the statute.  *See* 18 U.S.C. § 3613(a)(1) (exempting certain categories of property which are exempt under 26 U.S.C. § 6334(a) but not including subsection 9).

Accordingly,

---

[1] New York Life possesses a rollover IRA with an approximate value of $88,354.21, as of April 4, 2025.  (ECF No. 10.)  Ally Bank possesses a spending account and a money market savings account with a combined value of $52,828.51 as of April 7, 2025.  (ECF No. 11.)

**IT IS ORDERED** that Defendant's requests for a hearing and to transfer this action to Nevada (ECF Nos. 6, 7) are **DENIED WITH PREJUDICE**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: April 15, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 15, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan  
Case Manager