UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

EDUARDO ABELLANA,

Defendant,

and

ALLY BANK,

Garnishee.
_______________________________/

Case No. 25-mc-50217
Honorable Linda V. Parker

**ORDER REGARDING REQUEST FOR GARNISHMENT AND REQUEST FOR EXEMPTION**

On May 22, 2024, a jury found Defendant Eduardo Abellana guilty of one count of Conspiracy to Commit Health Care Fraud in violation of 18 U.S.C. § 1349 and one count of Conspiracy to Defraud the United States and Receive Kickbacks in violation of 18 U.S.C. § 371. Jury Verdict Form, *United States v. Abellana*, Case No. 20-cr-20144 (E.D. Mich. May 22, 2024), ECF No. 116. This Court subsequently sentenced Mr. Abellana to one day, time served, followed by a three-year term of supervised release, and ordered him to pay restitution of $2,267,232.80. Judgment, *id*. (E.D. Mich. Dec. 17, 2024), ECF No. 155.

On February 27, 2025, in its efforts to collect on Mr. Abellana's restitution obligation, the United States applied to this Court for a Writ of Garnishment on Ally Bank. (ECF No. 1.) The Court issued the requested writ of garnishment, which the United States served on Ally Bank. (ECF Nos. 2-3.) Ally Bank filed an Answer, identifying two accounts owned by Mr. Abellana and his wife, Maria Abellana: (1) a Spending account containing $2,310.31 and (2) a Money Market Savings account containing $60,518.20. (ECF No. 11 at PageID.62.)

The United States therefore served Mrs. Abellana with the Writ, Answers, and other filings in this matter. (ECF No. 14.) Mr. Abellana had requested a hearing on the Request for Writ of Garnishment and to transfer the matter to Nevada, as he and Mrs. Abellana now reside in Las Vegas, Nevada (ECF No. 6-7); but the Court denied both requests, finding that he raised no valid objection to the garnishments (ECF No. 15).

Mrs. Abellana thereafter submitted a letter to the Court, in which she sought relief. (ECF No. 16.) In her letter, Mrs. Abellana claimed that "99% of that account is from [her] Social Security." (*Id.*) Mrs. Abellana also wrote that she did not want a hearing. (*Id.*)

The United States filed a response to Mrs. Abellana's letter on May 27, 2025 (ECF No. 18). Ally Bank account statements attached to the response reflect that, between October 2024 and February 2025, four Social Security payments totaling

$8,368.20, were deposited to the Abellanas' Money Market Savings account. (*See* ECF No. 18-1 at PageID.111-114.) The Court held a virtual hearing to address Mrs. Abellana's filing on July 29, 2025, at which counsel for the United States and Mr. and Mrs. Abellana appeared. At the hearing, the Court asked the government to file a supplemental brief addressing two issues. The United States filed its supplemental brief thereafter. (ECF No. 21.)

Having now heard from the United States and the Abellanas at the hearing, and having reviewed the parties' filings, the Court resolves Mrs. Abellana's claim for exemption with respect to funds in the Ally Bank account.

The Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A, makes restitution mandatory for certain crimes. 18 U.S.C. § 3663A. The MVRA gives the government the authority to enforce a criminal judgment ordering a fine and/or restitution. *Id.* § 3613(a). The statute further provides that a criminal restitution order

> may be enforced against all property or rights to property of the person fined, except that—
>
> (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;
>
> (2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and

> (3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

*Id.*; *see also id.* § 3664(f) (providing that "[i]n accordance with section 3664(m)(1)(A) of this title, all provisions of this section are available to the United States for the enforcement of an order of restitution").

The Federal Debt Collection Procedures Act ("FDCPA") establishes the civil enforcement procedures for the government to use to recover monies owed under a restitution order. *See* 28 U.S.C. § 3001(a)(1). These procedures include writs of garnishment against the debtor's property or non-exempt disposable earnings. *See* 28 U.S.C. § 3205(a). The FDCPA allows the government "to collect a judgment owed it by obtaining a garnishment against 'property in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor.'" *United States v. Sawaf*, 74 F.3d 119, 122 (6th Cir. 1996) (quoting 28 U.S.C. § 3205(a)) (ellipsis and emphasis removed). The FDCPA further provides: "Co-owned property shall be subject to garnishment to the same extent as co-owned property is subject to garnishment under the law of the State in which such property is located." 28 U.S.C. § 3205(a).

"An objection to garnishment may only challenge exemptions to which the defendant might be entitled, and the government's compliance with the [FDCPA]." *United States v. Whitt*, Case No. 11-50395, 2011 WL 4062459, at *1 (E.D. Mich.

Sept. 13, 2011) (citing *United States v. Pugh*, 75 F. App'x 546, 547 (8th Cir. 2003)) (brackets omitted). A debtor who contests a writ of garnishment bears the burden of showing the entitlement to an exemption. *See* 28 U.S.C. 3205(5); *see also* *United States v. Avery*, No. 18-mc-50256, 2024 WL 2874554, at *2 (E.D. Mich. June 7, 2024) (citing *United States v. Sawaf*, 74 F.3d 119, 122 (6th Cir. 1996)). The Abellanas fail to satisfy their burden.

Courts have held that § 3613 of the MVRA empowers the United States to garnish Social Security benefits. *United States v. Haq*, No. 24-mc-50208, 2024 WL 4231579, at *2 (E.D. Mich. Sept. 18, 2024) (citing *United States v. Swenson*, 971 F.3d 977, 983 (9th Cir. 2020); *United States v. Frank*, 8 F.4th 320, 328 (4th Cir. 2021)); *see also United States v. Gallion*, No. 7-39, 2026 WL 2280985, *2 (E.D. Ky. Aug. 7, 2026). "Indeed, the MVRA expressly identified the Social Security Act by stating that '[n]othwithstanding any other Federal law (*including section 207 of the Social Security Act*), a judgment imposing a fine may be enforced against all property or rights to property of the person fined.'" *Gallion*, 2026 WL 2280985, at *2 (quoting 18 U.S.C. § 3613(a)) (emphasis added). "Therefore, 'the text of Section 3613(a) makes clear that, in the event of a conflict where the [Social Security Act]'s anti-alienation provision would otherwise protect a defendant's Social Security benefits from collection, Section 3613(a) empowers the government to garnish those benefits under the MVRA.'" *Id.* (quoting *Haq*,

2024 WL 4231579, at *3). In short, funds in the Ally Bank account are not exempt from garnishment because they constitute Social Security benefits.

Nor are the funds exempt because they may be Mrs. Abellana's Social Security benefits. This Court must "look initially to state law to determine what rights the [debtor] has in the property the Government seeks to reach . . .." *United States v. Musgrave*, 664 F. App'x 540, 542 (6th Cir. 2016) (quoting *Drye v. United States*, 528 U.S. 49, 58 (1999)). Under Nevada law—where the Abellanas' accounts are deemed located—the benefits, once deposited in their joint account, became their joint property. Nev. Rev. Stat. Ann. § 100.085(1).

For these reasons, the Court rejects Mrs. Abellana's objections to the writ of garnishment and concludes that the Social Security benefits in the Ally Bank accounts are not exempt from garnishment. The Court grants a final order of garnishment as to the Ally Bank accounts.

**SO ORDERED**.

Dated: November 25, 2026

s/LINDA V. PARKER
U.S. DISTRICT JUDGE